[No. 75. Third Appellate District.—October 17, 1905.]

## ANNA McNEILL, Respondent, v. JAMES STITT, Appellant.

APPEAL—FINDINGS—CONFLICT OF EVIDENCE.—Where the evidence is conflicting, the appellate court cannot interfere with the findings.

ID.—PREPONDERANCE OF EVIDENCE—WITNESSES.—The rule requiring a plaintiff to establish his case by a preponderance of evidence does not require a numerical preponderance of the witnesses. The trial court, in finding for the plaintiff, has the right to reject the testimony of a defendant's witness and receive that of the plaintiff's witness.

STATUTE OF FRAUDS—DEBT OF ANOTHER—SALE.—Where a purchaser of lumber received it under an understanding with the seller that the latter held it for a third person in whose favor certain stumpage charges existed, and agreed at the time of delivery to pay such charges, such agreement is not within the provision of the statute of frauds requiring an agreement to answer for the debt or default of another to be in writing.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order refusing a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Weldon & Held, for Appellant.

T. L. Carothers, for Respondent.

CHIPMAN, P. J.—Action to recover $358.14 for certain lumber, shakes, and posts alleged to have been sold by plain-

tiff to defendant. The court found the facts for plaintiff as alleged in the complaint and gave judgment accordingly. Defendant appeals from the judgment and from the order denying his motion for a new trial.

The trees from which the lumber, shakes, and posts· were produced grew upon land which formerly belonged to one Hagans, between whom and one Sartain there was an agreement that the latter might cut from the land the timber growing thereon, the stumpage to be paid for as · follows: Lumber, $1 per 1,000 ˙ feet; posts, $2.50 per 1,000 feet; shakes, $1 per 1,000 shakes; and some other products not involved. Hagans sold the land to plaintiff and assigned to her the above agreement, and she was recognized as succeeding to Hagans' right thereunder. There is evidence that a certain quantity of lumber, posts, and shakes cut from the growing timber on this land, amounting to the sum claimed in the complaint at the rates fixed in the agreement, was delivered to defendant by Sartain and that defendant agreed to pay plaintiff for the same. The evidence was quite sufficient to support the findings. Defendant testified that he gave Sartain credit on his books for the merchandise, and that Sartain was then and still is indebted to him over and above the amount claimed by plaintiff, and that he never agreed to pay plaintiff anything on account of the stumpage and had nothing to do with her in the transaction. His testimony is in sharp conflict with that of plaintiff's witnesses, but it cannot be regarded as going further than to produce a conflict, in which case the appellate court cannot interfere with the findings. Defendant claims that plaintiff's case rests upon the testimony of a single witness; and, as he was disputed by the testimony of defendant, the plaintiff has failed to establish her case by a preponderance of evidence. We do not think defendant is sustained in this claim. The evidence before the court in support of plaintiff's claim did not come from the testimony of a single witness. But, if it did, the trial court still had the right to reject the testimony of defendant's witness and receive that of the plaintiff's witness. Preponderance of the evidence does not necessarily depend upon the numerical preponderance of the witnesses. (Code Civ. Proc., sec. 2061.)

Appellant contends with much apparent confidence that this is a case coming under the statute of frauds (Code Civ. Proc., sec. 1973) ; i. e., that it is an action upon an agreement to answer for the debt or default of another, and must have been in writing. We cannot see that the evidence brings the case within the rule relied on. There was evidence that defendant had received the lumber and other articles from Sartain, and that it was understood between defendant and Sartain that he held it for plaintiff, and that he promised her agent, as well as herself, that he would pay the stumpage charges to plaintiff. There was evidence that he endeavored to induce plaintiff to take her pay in lumber, as money was scarce, but she was not willing to do this and left the lumber with him. The court accepted this evidence, and with its discretion in doing so we cannot interfere. No errors of law are assigned as having been committed at the trial.

The judgment and order are affirmed.

Buckles, J., and McLaughlin, J., concurred.